# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA

DANIEL C. FLINT.,
for himself and all others similarly situated,

Case No. 19-cv-189
Hon. Judge Frank D. Whitney

Plaintiff,

v.

ALLY FINANCIAL, INC.,
a Delaware Corporation,
UAR NATIONAL SERVICES, LLC.,
a Tennessee Limited Liability Company., and
ASSOCIATES ASSET RECOVERY, LLC.,
a South Carolina Limited Liability Company,
Jointly and Severally, Directly and Vicariously,

Defendants.

_____/

**Law Offices of Daniel C. Flint, P.C.**
Daniel C. Flint (50,000)
Counsel for Plaintiff
525 N. Tryon, Suite 1600
Charlotte, NC 28203
(704) 904-8469
info@flint-law.com

_____/

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, DANIEL FLINT, individually and on behalf of all others

similarly situated, by and through his Attorneys, the LAW OFFICES OF DANIEL C. FLINT,

P.C., and states as follows: Plaintiff hereby amends his complaint, as a matter of course pursuant to

Rule 15 of the Federal Rules of Civil Procedure. For his First Amended Complaint, Plaintiff, on

behalf of all others similarly situated, states as follows.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d) because this is a class action in which: (1) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) members of the proposed plaintiff class are citizens of States different from Defendants; and (3) the proposed plaintiff class is made up of more than 100 individual members.

2. This Court has personal jurisdiction over Defendants because a substantial portion of the wrongdoings alleged herein occurred in North Carolina. Each Defendant has sufficient minimum contacts with North Carolina and has otherwise intentionally availed itself to the markets in North Carolina through the promotion, marketing, and sale of products and services sufficient to render the exercise of jurisdiction by this Court under traditional notions of fair play and substantial justice.

3. This court may exercise supplemental jurisdiction over any related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because each Defendant regularly conducts business in this District, because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because each Defendant is subject to this Court's personal jurisdiction with respect to this action.

## PARTIES

5. At all times relevant, individual and representative Plaintiff DANIEL FLINT ("Plaintiff") held his principal place of residence in the City of Charlotte, State of North Carolina.

6. At all times relevant, Defendant ALLY FINANCIAL, INC., ("Ally"), regularly and systematically conducted business in the City of Charlotte, State of North Carolina. Ally is

incorporated in the State of Delaware and maintains its principal office at 500 Woodward Avenue, Detroit, MI 48226. Ally has appointed CT Corporation System as its Registered Agent for the State of North Carolina. Ally's registered office and registered mailing address is 160 Mine Lake Ct, Suite 200, Raleigh, NC 27615.

7. At all times relevant, Defendant UAR NATIONAL SERVICES, LLC., a/k/a United Auto Recovery, ("UAR"), regularly and systematically conducted business in the City of Charlotte, State of North Carolina. UAR maintains its principal office at 311 Moore Ln, Collierville, TN 38017-1312. UAR has appointed Corporation Service Company as its' registered agent, located at 2908 Poston Ave, Nashville, TN 37203-1312.

8. At all times relevant, Defendant ASSOCIATES ASSET RECOVERY, LLC., ("AAR"), regularly and systematically conducted business in the City of Charlotte, State of North Carolina. AAR has appointed Tammy S. Reason as its' registered agent, located at 3601 E. Palmetto St, Florence, SC 29506.

## BACKGROUND AND FACTUAL ALLEGATIONS

9. The foregoing class action is brought on behalf of a putative class that has been damaged as a result of Defendants' violations of state and federal consumer protection and anti-trust statutes. The subject matter of said action involves the illegal repossession of Plaintiff's motor vehicle and the unfair and deceptive business practices related to the same.

10. On or about August 11, 2018, an employee of either Defendant UAR National Services or and/or Defendant Associates Asset Recovery (collectively referred to as "AAR") entered Mr. Flint's private, gated parking garage, located at ███████████, Charlotte, NC 28203.

11. After illegally trespassing on Mr. Flint's property, the AAR employee repossessed Mr. Flint's 2015 Chevrolet Camaro, VIN # ███████████ ("the vehicle").

12. At all times relevant, Mr. Flint was the owner of the vehicle.

13. Mr. Flint obtained financing for the vehicle from Defendant Ally Financial ("Ally").

14. On or about August 11, 2018, Ally initiated a non-judicial repossession of Mr. Flint's vehicle. In doing so, Ally entered into a contract with AAR in order to effectuate the repossession.

15. At all times relevant, the vehicle was located in a gated parking garage, which the general public did not have access to. The entrance gate to the parking garage clearly and prominently displayed a "no trespassing" sign.   Moreover, the gate is mechanically locked and can only be opened using a garage door opener.

16. On or about August 13, 2018, Mr. Flint called Ally Financial, who informed him that the redemption price to recover the vehicle would be $3,127.39 (the "redemption price").

17. On or about August 13, 2018, Mr. Flint paid Ally Financial the full $3,127.39 redemption price in order to redeem the vehicle. Once Ally was paid, it directed Mr. Flint to pick up the vehicle from AAR at 6500 Lakeview Road, Charlotte, NC 28269.

18. When Mr. Flint arrived at AAR he was given a number of documents to sign. Included in these documents was a release and hold harmless clause, which stated: "By signing this Release, I fully understand the above statements and do agree to Release and Hold Harmless Associates Asset Recovery LLC and Ally Financial and or its Agents from all claims, demands and or actions, which I or my Representatives do have or may have against Associates Asset Recovery LLD, Ally Financial and/or its Agents or Employees, prior to this date" (the "Waiver").

19. At no point prior to making the $3,127.39 payment was Mr. Flint informed that he would be required to sign a release and hold harmless clause. Moreover, Mr. Flint verbally objected to signing the Waiver.

20. In response to Mr. Flint's objection, AAR refused to release Mr. Flint's vehicle, stating that it would not release the vehicle until Mr. Flint signed all the documents, including the Waiver.

21. Mr. Flint informed the AAR representative that the full redemption price had been paid and Ally Financial had already faxed AAR the paperwork required to release the vehicle. Regardless, AAR told Mr. Flint that they only way they could release the vehicle was if he agreed to sign the Waiver. At least four AAR employees witnessed this conversation: 2 male (1 African American and 1 Caucasian) and 2 female (both Caucasian).

## COUNT 1 - Violation of NCGS 25-9-609
### (Brought on Behalf of Plaintiff Individually)

22. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

23. Section 25-9-609 of North Carolina's Uniform Commercial Code only allows a secured party the right to take possession of the collateral (without judicial process) *if* collection of said collateral would not result in a "breach of the peace."

24. There is no question that the AAR employee illegally trespassed onto private property in order to take possession of the vehicle. Such action undoubtably constitutes a "breach of the peace." As a result, the above listed putative defendants are jointly and severally liable to Mr. Flint for violating N.C.G.S 25-9-609.

## COUNT 2 – Trespass to Real Property
### (Brought on Behalf of Plaintiff Individually)

25. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

26. At no point did AAR have the legal right to enter the gated parking garage of Plaintiff's residential premises.

27. Mr. Flint was in possession of the real property at the time AAR wrongfully repossessed the vehicle because he exercised acts of dominion over the parking garage and because he physically occupied the real property.

28. Defendants intentionally caused entry onto Mr. Flint's property by physically entering the same despite knowledge of the fact that the property was not open to the public.

29. In the alternative, Defendants' intent is constructive because Defendants' conduct was so reckless or manifestly indifferent to the consequences of its' actions that it justifies a finding of willfulness and wantonness equivalent to actual intent.

30. Mr. Flint did not give his express or implied consent to allow such entry

**COUNT 3 – Trespass to Personal Property**
**(Brought on Behalf of Plaintiff Individually)**

31. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

32. At all times relevant, Mr. Flint was in possession of his vehicle, the personal property, because he exercised acts of dominion over the property, was in physical possession of the property, and held actual title to property.

33. Defendants, without justification, authority or lawful excuse, interfered with Mr. Flint's possession of his personal property by wrongfully repossessing the same.

**COUNT 4 - Conversion**
**(Brought on Behalf of Plaintiff Individually)**

34. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

35. At all times relevant, Mr. Flint was in possession of his vehicle, the personal property, because he exercised acts of dominion over the property, was in physical possession of the property, and held actual title to property.

36. Defendants are liable for conversion of Mr. Flint's property because they, without justification, authority or lawful excuse, completely divested Mr. Flint of the use and possession of his personal property.

## COUNT 5 – Negligence Per Se
### (Brought on Behalf of Plaintiff Individually)

37. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

38. Defendant had a duty to follow standards of conduct enacted as laws for the safety of the public.

39. Section 25-9-609 of North Carolina's Uniform Commercial Code only allows a secured party the right to take possession of the collateral (without judicial process) *if* collection of said collateral would not result in a "breach of the peace."

40. Defendants violated Section 25-9-609 by breaching the peace while taking possession of the collateral.

41. Section 25-9-609 was enacted to protect the health and safety of the citizens of Charlotte. Defendants' violation of the same is negligence in-and-of-itself, a/k/a "negligence per-se."

## *INDIVIDUAL AND CLASS CLAIMS*

## COUNT 6
### Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing
### (Brought on the Behalf of Plaintiff Individually and the Proposed Class)

42. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

43. Whether by law or statute, all contracts impose upon each party a duty of good faith and fair dealing. For example, in North Carolina, every UCC contract "imposes an obligation of good faith in its performance." N.C. GEN. STAT. §25-1-304 (formerly codified as §25-1-203).

44. Plaintiff and the proposed class members entered into a contract, whether express or implied, with Defendants in which they agreed to pay the redemption price in return for having their reposed vehicle returned.

45. Defendants violated their duty of good faith and fair dealing duty by refusing to release Mr. Flint's vehicle unless he agreed to release them from all liability, even though he had paid the redemption price in full.

46. Defendants violated their duty of good faith and fair dealing by failing to disclose to Plaintiff and the proposed class that they would be required to sign a release and hold harmless clause before their vehicle would be released, even though the redemption price had been paid in full.

47. Plaintiff and the proposed class members have performed all, or substantially all, of the obligations imposed on them under their agreement with Defendants.

48. Plaintiff and the proposed class have sustained damages as an actual and legal result of Defendants' breach of the covenant of good faith and fair dealing. Consequently, they are entitled to damages in an amount to be later determined.

## COUNT 7 - Unfair and Deceptive Acts and Practices
### (Brought on the Behalf of Plaintiff Individually and the Proposed Class)

49. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

50. All fifty states and the District of Columbia have enacted statutes to protect consumers against unfair, deceptive or fraudulent business practices. These state statues are often referred to as "Little FTC" consumer protection acts due to the obvious similarities they share with Section

5(a) of Federal Trade Commission Act, which prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a).

51. Plaintiff and all proposed class members (collectively referred to as the "consumers") are all "consumers," as defined by every State's consumer protection act.

52. Pursuant to FRCP 23(c)(5); "When appropriate, a class may be divided into subclasses that are each treated as a class under this rule." Plaintiff proposes that the proposed class be grouped as claims asserted under the substantively similar "Little FTC" state statutes. Specifically, Plaintiff proposes that the class be grouped into the following 4 sub-classes:

    a. State statutes that prohibit unfair or deceptive trade practices generally. Specifically, **Alaska (**AS §45.50.471 et. seq.); **Arizona** (Ariz. Rev. Stat. §44-1521 et. seq.); **Arkansas** (A.C.A. § 4-88-101 et. seq.); **California** (Cal Bus and Prof Code 17200 et. seq.); **Connecticut** (C.G.S.A. §42-110b et. seq.); **Delaware** (6 Del.C. § 2511 et. seq.); **Florida** (West's F.S.A §501.201 et. seq.); **Illinois** (815 ILCS 505/1, et seq.); **Iowa** (Iowa Code §714.H5 et. seq.); **Kansas** (K.S.A. §50-623 et. seq.); **Kentucky** (KRS 367.110 et. seq.); **Maine** (5 M.R.S.A §207 et. seq.); **Maryland** (Md. Com. Law Code Ann. §13-301(1) et. seq.); **Massachusetts** (M.G.L.A 93A §1 et seq.); **Missouri** (V.A.M.S §407.010 et. seq.); **New Hampshire** (N.H. Rev. Stat. §358-a et. seq.); **New Jersey** (N.J.S.A §56:8-1, et seq.); **New Mexico** (NMSA §57-12-1 et seq.); **New York** (N.Y.McKinney's General Business Law §349); **North Carolina** (N.C.G.S.A. §75-1.1 et. seq.); **Oregon** (O.R.S. T. 50, Ch. 646 et. seq.); **Rhode Island** (6 R.I. Gen. Laws Ann. § 6-13.1-2 et. seq.); **Texas** (V.T.C.A., Bus. & C. §17.41 et. seq.); **Vermont** (9 V.S.A. §2453 et. seq.); **Virginia** (Va. Code Ann. §59.1-200(A)(14)); **Washington**

(West's RCWA T. 19, Ch. 19.86 et. seq.); **West Virginia** (W. Va. Code Ann. §46A-6-104 et. seq.); and **Wisconsin**, (W.S.A. §421.102 et. seq.);

       i.   it should be noted that many of these state statutes prohibit unfair or deceptive trade practices generally, with the intent that the Court be guided by the interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 USC 45(a)(1). Specifically, **Connecticut** (C.G.S.A. §42-110b et. seq.); **Florida** (West's F.S.A §501.201 et. seq.); **Illinois** (815 ILCS 505/1, et seq.); **Maine** (5 M.R.S.A §207 et. seq.); **Massachusetts** (M.G.L.A 93A §1 et seq.); **Rhode Island** (6 R.I. Gen. Laws Ann. § 6-13.1-2 et. seq.); **Vermont** (9 V.S.A. §2453 et. seq.); and **West Virginia** (W. Va. Code Ann. §46A-6-104 et. seq.);

b.   State statutes that prohibit unfair or deceptive trade practices, upon proof that the Defendant acted "knowingly." Specifically, **Idaho** (I.C. §48-603 et. seq.); **Nevada** (NRS 598.0915(10)); **South Dakota** (S.D. Codified Laws §37-24-6 et. seq.) and **Wyoming** (Wyo. Stat. Ann. §40-12-105 et. seq.);

c.   State statues that prohibit unfair or deceptive trade practices, which are defined as conduct that creates a likelihood of confusion or misunderstanding. Specifically, **Hawaii** (HRS § 481A-3(a)(12)); **Michigan** (MCL 445.903(n)); **Minnesota** (MSA §325D.44(13)); and **Pennsylvania** (Pa. Stat. Ann. tit. 73, §201-2(xxi)); and

d.   State statues that prohibit unfair or deceptive trade practices, which are defined as any conduct that is generally considered "unconscionable." Specifically, **District**

**of Columbia** (D.C. Code §28-3904(r)); **Nebraska** (Neb. Rev. Stat. Ann. §

87-303.01(1)); and **Oklahoma** (Okla. Stat. Ann. tit. 15, §753(20) and §752(14)).

53. Defendants' policies and practices as described herein are misleading, deceptive, unfair, false

and fraudulent and are in violation of the above-cited statutes. Including, but not limited to;

    e.  Refusing to release a consumer's repossessed vehicle unless the consumer agreed to release Defendants from all liability, even though the consumer had already paid the redemption price in full;

    f.  Failing to disclose to the consumer that they would be required to sign a release and hold harmless clause before their vehicle would be released, even though the consumer had already paid the redemption price in full;

    g.  Continuing to harass the consumer by calling the consumer's phone an unreasonable number of times every day;

    h.  Causing a probability of confusion or of misunderstanding as to the legal rights of the consumer; and

    i.  Charging additional fees on the consumer's bill and listing them as "Miscellaneous" – i.e. failing to identify why the consumer is being charged these additional fees.

54. Defendants' actions as described herein occurred during the course of trade and commerce.

55. Defendants have injured the public interest, and Defendants' actions pose a continued threat to

the public.

56. Defendants acted knowingly, with intent to defraud, deceive and with intent that Plaintiff and

the proposed class members rely on Defendants' deceptive concealments and

misrepresentations, which they reasonably did.

57. As a direct and legal result of Defendants' misleading, deceptive, unfair, false and fraudulent

practices, Plaintiff and the proposed class members have sustained damages in amount to be

determined later.

**COUNT 8 - Fraudulent Inducement**
**(Brought on the Behalf of Plaintiff Individually and the Proposed Class)**

58. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

59. Defendants falsely represented the fact that Plaintiff and the proposed class were required to sign a waiver of their legal rights in order to redeem their vehicle, despite the fact that the redemption price was paid in full.

60. Defendants fraudulently concealed the fact that it knew, or should have known, that no such requirement existed under the law.

61. Defendants engaged in this conduct with the intent to deceive Plaintiff and/or the proposed class and to induce them to enter into a contract to waive their legal rights.

62. Plaintiff and/or the proposed class members reasonably relied on Defendants' conduct and were deceived by Defendants' fraudulent actions.

63. The false misrepresentation made by Defendants related to a material fact of the contract Plaintiff and/or the proposed class was forced to sign.

64. As a direct and legal result of Defendants' misleading, deceptive, unfair, false and fraudulent practices, Plaintiff and/or the proposed class members have sustained damages in an amount to be determined later.

## COUNT 9 - Fraudulent Misrepresentation
### (Brought on the Behalf of Plaintiff Individually and the Proposed Class)

65. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

66. Defendants made a material and false representation regarding the fact that Plaintiff and the proposed class must agree to waive their legal rights in order to redeem their vehicle, even though they had already paid the redemption price in full.

67. Defendants made this representation knowing that it was false and/or with reckless disregard to the truth.

68. By making this material misrepresentations and omissions, Defendants' intent was to fraudulently induced Plaintiff and/or the proposed class members to sign away their ability to hold Defendants liable for any wrongdoing that occurred during the repossession of their property. Had Plaintiff and/or the proposed class known the actual facts – that the law did not require them to sign away their rights – they would not have taken such actions.

69. As an actual and legal result of the fraudulent and/or negligent misrepresentations and omissions, Plaintiff and/or the proposed class members sustained damages in an amount to be determined later.

### COUNT 10 - Negligent Misrepresentation
### (Brought on the Behalf of Plaintiff Individually and the Proposed Class)

70. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

71. Defendants had a duty to exercise reasonable care and competence in obtaining and communicating information to Plaintiff and the proposed class because they intended them to rely upon, *or* knew they would rely upon, said information when redeeming their reposed vehicle. Defendants' failure to do so is negligent misrepresentation.

72. Defendants knew, or should have known, that the law did not require Plaintiff and the proposed class members to agree to waive their legal rights in order to have their reposed property returned after they paid the full redemption price.

73. Telling Plaintiff and the proposed class that the only way their vehicle would be released is if they agreed to waive their legal rights was, in-fact, a false statement (the "false statement").

74. The false statement was made during Defendants' course of business and was related to a transaction in which Plaintiff and the proposed class had a financial interest.

75. Defendants intended Plaintiff and the proposed class rely on the false statement for guidance in a particular business transaction – i.e. redeeming their vehicle.

76. Defendants did not obtain or communicate the false information with the same degree of care, knowledge, intelligence or judgment that a prudent person would use under the same or similar circumstances.

77. Plaintiff and the proposed class actually relied on the false information provided by Defendants, and this reliance was justifiable.

78. Reliance on the false information was justifiable because, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care, would not have discovered that the information was false and would have relied on the same.

79. As a direct and legal result of Defendants' negligent misrepresentation, Plaintiff and the proposed class have sustained damages in an amount to be determined later.

### COUNT 11 - Violation of NCGS 75-50 *et al* (North Carolina Debt Collection Act) (Brought on the Behalf of Plaintiff Individually and the Proposed Class)

80. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

81. Defendants violated Section 75-54 of the North Carolina Debt Collection Act (NCDCA) by collecting or attempting to collect a consumer debt through the use of a "fraudulent, deceptive or misleading representation."

82. Defendants violated N.C.G.S Chapter 75 Article 2 Section 75-75 by requiring Plaintiff and the proposed class (who are consumers) to sign a waiver of their legal rights without disclosing the

nature and consequences of such affirmation or waiver and the fact that they were not legally

obligated to make such affirmation or waiver.

83. Defendants violated Section 75-51 of the NCDCA by collecting or attempting to collect a

consumer debt "by means of any unfair threat, coercion, or attempt to coerce. Such unfair acts

include, but are not limited to … using or threatening to use … any illegal means to cause harm

to the … property of any person."

84. Defendants violated section 75-51 of the NCDCA by threating to keep Plaintiff and the

proposed class' vehicle, unless they agreed to sign the Waiver.

85. Defendants violated Section 75-52 of the NCDCA by "causing a telephone to ring or engaging

any person in telephone conversation with such frequency as to be unreasonable or to

constitute a harassment to the person under the circumstances."

86. All Defendants are "debt collectors," as defined by the NCDCA, because each was "engaging,

directly or indirectly, in debt collection from a consumer."

### COUNT 12 – Violation of Federal Fair Debt Collection Practices Act
### (Brought on the Behalf of Plaintiff Individually and the Proposed Class)

87. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and

subsequent allegation as though fully set forth herein.

88. Defendant Ally Financial violated 15 USC 1692 Section 806(5) by causing Plaintiff and the

proposed classes' telephone to ring repeatedly or continuously with intent to annoy, abuse, or

harass any person at the called number.

89. Defendants violated 15 USC 1692 Section 807 by falsely stating that Plaintiff and the proposed

class was required to sign a waiver of their legal rights without disclosing the nature and

consequences of such affirmation or waiver and the fact that they were not legally obligated to

make such affirmation or waiver.

## COUNT 13 – Negligence Per Se
### (Brought on the Behalf of Plaintiff Individually and the Proposed Class)

90. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

91. Defendant had a duty to follow standards of conduct enacted as laws to protect the public.

92. The Federal Fair Debt Collect Practices Act and State Consumer Protections Acts listed above were all enacted to protect public.

93. Defendants' violations of the same constitute negligence in-and-of-itself, a/k/a "negligence per-se."

## COUNT 14 – Breach of Quasi Contract
### (Brought on the Behalf of Plaintiff Individually and the Proposed Class)

94. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

95. Quasi contract permits Plaintiff and the proposed class to recover where in fact there is no contract, but circumstances are such that justice requires a recovery as though there was a promise.

96. The law creates an obligation on Defendants, in the absence of any agreement, because Defendants' promised to release Plaintiff's and the proposed class' vehicle after they paid the full redemption price.

97. Plaintiff and the proposed class are entitled to damages for breach of a quasi-contract because, after they paid the full redemption price, Defendants refused to return their vehicle and instead demanded they sign away their legal rights before releasing said vehicle.

98. As a direct and proximate result of Defendants' breaches, Plaintiff and the Proposed class have suffered actual and consequential damages.

## COUNT 15 – Conspiracy
### (Brought on Behalf of Plaintiff Individually and the Proposed Class)

99. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

100. On or about August 11, 2018, the Defendants, Ally Financial entered into an agreement with UAR and/or AAR, or some other unidentified repossession company, (collectively "Defendants"). In this agreement, Defendants agreed and combined to engage in a conspiracy in the following manner: (1) To trespass onto Plaintiff's property in order to effectuate the illegal repossession of his vehicle and/or (2) to fraudulently induce Plaintiff into signing a waiver of his legal rights (the Waiver) by threating to keep his vehicle even though Plaintiff had already paid the full redemption price.

101. Defendants agreed and/or combined to engage in a civil conspiracy to commit the unlawful acts as described in this complaint.

102. Defendants combined to engage in a civil conspiracy of which the principal element was to inflict wrongs against and/or injury on the Plaintiff and the public-at-large as described in this complaint.

103. Defendants combined to engage in a civil conspiracy that was furthered by overt acts.

104. Defendants understood, accepted, and/or explicitly and/or implicitly agreed to the general objectives of their scheme to inflict the wrongs and injuries on the Plaintiff as described in the complaint.

105. Defendants acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injury on the Plaintiff as described in this complaint.

106. Defendants combined to engage in a scheme which was intended to violate the law and concealed and secreted same.

107.    Defendants combined to engage in a scheme which was intended to violate the rights of the Plaintiff.

108.    Defendants combined to engage in a scheme which was intended to violate the rights of the public-at-large.

## CLASS ALLEGATIONS

109.    Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

110.    Plaintiff brings all claims herein as class claims pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff hereby reserves the right to amend the class action allegations after further discovery on the matter has occurred. The requirements of FRCP 23 are met with respect to the class defined below.

**A. Class Definition(s)**

111.    Plaintiff is a member of the proposed class and members of the proposed class are definite and ascertainable. The definiteness element does ***not*** require identification of every potential class member. Identification of the proposed class members is not dependent upon any subjective criteria, such as a class members' state of mind. The proposed class is ascertainable because the proposed class members are readily identifiable based upon objective criteria – specifically, whether they were subjected to the same illegal business practices as Mr. Flint was subjected to. Thus, the method used to ascertain potential class members does not require much, if any, individual factual inquiry. Therefore, the method used is administratively feasible.

112.    Plaintiff proposes that the Class be defined as:

All persons or throughout the United States and its territories who, during the class period, entered into a secured agreement with Ally Financial and were either:

    a. Required to waive their legal rights in order to redeem their repossessed vehicle, despite paying the redemption price in full;

    b. Subjected to an unreasonable amount of phone calls in connection with the collection of the debt owed to Ally Financial; or

    c. Received a bill from Ally Financial that included charges for some unidentified reason, such as "Miscellaneous," "Other Charges" or some similar language.

113. Plaintiff proposes that the "class period" be defined as ending on the date this Complaint was filed and beginning on the first allowable date after accounting for any applicable state statute of limitations.

114. Excluded from the Class are:

    a. State consumer protection claims held by;

        i. persons in states whose state consumer protection act forbid an individual from brining an action under said act on behalf of a class. Specifically, **Alabama** (Ala. Code §8-19.5); **Georgia** (Ga. Code Ann. §10-1, et seq.).; **Louisiana** (RS §51:1401, et seq.); **Mississippi** (MS Code §75-24-5); **Montana** Unfair Trade Practices and Consumer Protection Act of 1973 (§§30-14-101 to 226); **South Carolina** (SC Code of Laws §39-5-10, et seq.);

Tennessee (T.C.A. §47-18-101, et seq.) and **Utah** (U.C.A. 1953 §13-11-1 et. seq.); *or*

ii. persons other than "consumers," in states whose statutes are limited to consumers who purchase for personal, family or household purposes. Specifically, **District of Columbia** (D.C. Code §28-3901); **Kansas** (KSA §50-624); **Maryland** (Md. Com. Law Code Ann. §13-101); **Michigan** (MCL §445-902(g)); **Missouri** (V.A.M.S §407.025(1)); **Oregon** (O.R.S. T. §646.605(6)); **Pennsylvania** (73 P.S. §201.9.2); **Rhode Island** (Gen. Laws 1956 §6-13.1-5.2(a)); **Virginia** (VA Code Ann. §59.1-198); and **Wyoming** (Wyo. Stat. Ann §40-12-102(a)(ii));

b. persons whose claims would be barred under applicable state statute of limitations or repose provisions that, unless otherwise tolled, limit the time period with which the claim can be brought.

c. persons who, prior to the filing of this complaint or prior to final judgment herein have filed separate legal actions against Defendants, asserting similar claims;

d. all Defendants and their subsidiaries, affiliates, officers and directors;

e. any entity in which a Defendant or any other excluded entity has a controlling interest;

f. any judge or judicial official assigned to this matter and his or her immediate family;

g.  the Court in which this case is assigned, its staff, and Plaintiff's counsel and co-counsel; and

h.  the legal representatives, successors or assigns of any such excluded persons or entities.

**B. Numerosity – FRCP 23(a)(1)**

115.  Based upon Defendants' publicly available data, it is estimated that the class members are potentially in the millions and that joinder of all members is impracticable. The number and identities of proposed class members are administratively feasible and can be determined through appropriate discovery and identification from Defendants' records. Moreover, joinder of all members is further impracticable because the proposed class members reside throughout the United States.

**C. Commonality – FRCP 23(a)(2)**

116.  This action involves questions of law or fact common to the class. These common questions predominate over questions that affect only individual proposed class members.

117.  The questions of law or fact common to the proposed class including at least the following:

a.  Whether Defendants engaged in unfair, unlawful or deceptive business practices, or breached its' duty of good faith, by requiring individuals to waive their legal rights before releasing reposed vehicles, even though the individual had paid the redemption price in full.

b.  Whether Defendants engaged in unfair, unlawful or deceptive business practices, or breached its' duty of good faith, by harassing debtors by placing an unreasonable amount of phone calls to the individual's house and in an attempt to collect a debt.

c.  Whether Defendants engaged in unfair, unlawful or deceptive business practices, or created a likelihood of confusion or misunderstanding, by charging consumers for unidentified reasons, such as "Miscellaneous," "Other Charges" or some similar language.

d.  Whether Defendants' actions, as described herein, are otherwise unfair or deceptive or otherwise illegal.

e.  Whether Defendants' unfair and deceptive practices harmed Plaintiff and the proposed class.

**D. Typicality – FRCP 23(a)(3)**

118.    Plaintiff's claims are typical of the claims of the proposed class.

119.    Plaintiff's claim is typical of the class because they arise from the same unlawful, unfair and deceptive business conduct that gave rise to the claims of the other proposed class members and because all such claims are based on the same legal theory.

120.    Plaintiff's claims are typical of the claims of the proposed class because, during the class period, Defendants' unlawful, unfair, and fraudulent actions concern the same business practices described herein, irrespective of where they occurred or were experienced. The injuries of each member of the proposed class were caused directly by Defendants' wrongful conduct. In addition, the factual basis for Defendants' misconduct is common to all proposed class members and represents a common thread of misconduct resulting in injury to all proposed members.

**E. Adequacy – FRCP 23(a)(4)**

121.    The representative parties in this case will fairly and adequately protect the interests of the class.

122.    Plaintiff is committed to pursuing this action and has Plaintiff's counsel is experienced in the prosecution of consumer protection actions. Moreover, neither Plaintiff nor Plaintiff's Counsel have any interests adverse to any individual proposed class members, nor to any interest of the class as a whole. Plaintiff and Plaintiff's Counsel are aware of their fiduciary responsibilities to the proposed class members and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the proposed class.

**F. Predominance – FRCP 23(b)(3).**

123.    The questions of law or fact common to the proposed class members predominate over any questions affecting only individual members.

124.    Common issues predominate because any individual factual determinations that will need to be made can be accomplished using Defendants' computer records. Moreover, common issues predominate because adding more plaintiffs to the class will not increase the amount of evidence that will be required to be introduced. The same is true because Defendants' business practices are the same regardless of who the class member is. In other words, each potential member was subjected to the same unfair, deceptive, and otherwise illegal business practices.

125.    In addition, the fact that each individual class member may be entitled to a specific, and different, amount of damages does not cause individual questions to predominate over common questions. "Courts in every circuit have uniformly held that the 23(b)(3) predominance requirement is satisfied despite the need to make individualized damage determinations and a recent dissenting decision of four Supreme Court Justices characterized the point as 'well nigh universal.' Indeed, a class may also be certified solely on the basis of common liability, with individualized damages determinations left to subsequent proceedings." (William B. Rubenstein, *Newberg on Class Actions*, § 4:54 (5th ed.)(Updated June 2015) (citations omitted)).

126.    Similarly, the fact that this matter includes individuals from multiple states and involves multiple state laws does not cause individual questions to predominate over common questions. The reason: the substantive consumer protection statutes at issue can easily be organized into groups (as explained in detail above) of states with similar legal regimes – therefore "allowing the Court to create sub-classes for each distinct state legal approach and with common issues predominating within that sub-class." *Id.* at §4:61.

**G. Superiority – FRCP 23(b)(3).**

127.    A class action in this case is superior to other available methods for fairly and efficiently adjudicating the controversy.

128.    When considered on an individual basis, the damages resulting from Defendants' unfair and deceptive business practices are relatively low. Consequently, it is highly unlikely any individual claimant (and even less likely that an attorney) would spend the time, money and effort necessary to challenge the alleged conduct. Therefore, there is no question that a class action is the superior method of adjudication.

129.    Class Action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would create. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of adjudication.

**F. The Prerequisites of Rule 23(b)(3) are Satisfied**

130.    This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the proposed class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual proposed class member. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the class.

## JURY DEMAND

Plaintiffs demand a trial by jury

## REQUEST FOR RELIEF

**THEREFORE**, Plaintiff and the proposed class respectfully request of this Honorable

Court the following relief:

1. An order certifying the Class, including any subclasses as specified herein, appointing
   Plaintiff as class representative and appointing the Law Offices of Daniel C. Flint, P.C. as
   lead class counsel;

2. Declaratory Relief finding Defendants' acts and practices to be wrongful, deceptive unfair
   and unconscionable, as well as injunctive relief in the form of an Order demanding
   Defendants cease and desist such practices;

3. Restitution of all fees wrongfully retained by Defendants as a resulted of its unfair and
   deceptive business practices, in an amount to be determined at trial;

4. Actual damages in an amount to be determined at trial;

5. Statutory, punitive and exemplary damages in an amount to be determined at trial;

6. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

7. The costs and disbursements incurred by Plaintiff and the proposed class in connection
   with this action, including reasonable attorneys' fees; and

8. Any further relief as this Court deems just and proper under the circumstances.

*/s/ Daniel C. Flint*
**Law Offices of Daniel C. Flint, P.C.**
Daniel C. Flint (50,000)
Counsel for Plaintiff
525 N. Tryon, Suite 1600
Charlotte, NC 28203
(704) 904-8469
Date: April 18, 2019