| | |
|---|---|
| DANIEL C. FLINT et.al., | : |
| | : No. 3:19-cv-00189-FDW-DCK |
| Plaintiff, | : |
| v. | : |
| ALLY FINANCIAL INC., et.al., | : |
| Defendants. | : |

**DEFENDANT ALLY FINANCIAL INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Ally Financial Inc. ("Ally" or "Defendant") hereby files its Answer and Affirmative Defenses ("Answer") to Plaintiff Daniel C. Flint's ("Plaintiff") First Amended Complaint, brought individually and on behalf of all others similarly situated ("Complaint") and states as follows:

**JURISDICTION AND VENUE**

1. The allegations set forth in Paragraph 1 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

2. The allegations set forth in Paragraph 2 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

3. The allegations set forth in Paragraph 3 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

4. The allegations set forth in Paragraph 4 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

## PARTIES

5. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of Plaintiff's principal place of residence, and therefore denies the same.

6. Ally admits that it is a corporation doing business in North Carolina. Ally further admits that its headquarters are in Detroit, Michigan. The remaining allegations set forth in Paragraph 6 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

7. The allegations set forth in Paragraph 7 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

8. The allegations set forth in Paragraph 8 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

## BACKGROUND AND FACTUAL ALLEGATIONS

9. To the extent the allegations set forth in Paragraph 9 of the Complaint are a characterization of this action, such allegations are not subject to denial or admission. To the extent any response is required, Ally denies that Plaintiff has any basis in fact or law to maintain this action against Ally.

10. Ally admits that on or about August 11, 2018, Defendant Asset Associates Recovery repossessed Plaintiff's 2013 Chevrolet Camaro (identified as a 2015 Chevrolet Camaro

in the Complaint) from 1750 Camden Road, Apartment 159, Charlotte, NC 28203. To the extent Paragraph 10 of the Complaint sets forth allegations against Ally, they are denied.

11. Ally admits that on or about August 11, 2018, Defendant Asset Associates Recovery repossessed Plaintiff's 2013 Chevrolet Camaro (identified as a 2015 Chevrolet Camaro in the Complaint) from 1750 Camden Road, Apartment 159, Charlotte, NC 28203. The remaining allegations set forth in Paragraph 11 are denied.

12. Ally admits that Plaintiff is the owner of the 2013 Chevrolet Camaro (identified as a 2015 Chevrolet Camaro in the Complaint), VIN # 2G1FT1EW7D9135131 (the "Vehicle").

13. Ally admits that it is the servicer and owner of the auto finance account (account number XXX-XXXX-X3652) that was originated on or about October 5, 2012, in connection with Plaintiff's purchase of the Vehicle (the "Auto Finance Account").

14. The allegations set forth in Paragraph 14 of the Complaint contain statements and conclusions of law, to which no response is required, and/or refer to documents that speak for themselves. To the extent the allegations are contrary to the law and/or vary from the documents, they are denied.

15. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 15, and therefore denies the same.

16. Ally admits that the redemption reinstatement amount was $3,127.39.

17. Ally admits that on or about August 13, 2018, Plaintiff tendered the redemption reinstatement amount of $3,127.39. Ally admits that the Vehicle was stored by Defendant Associates Asset Recovery at 6500 Lakeview Road, Charlotte, NC 28269.

18. The allegations set forth in Paragraph 18 of the Complaint refer to documents that speak for themselves. To the extent the allegations vary from the documents, they are denied.

19. Ally is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 19, and therefore denies the same.

20. The allegations set forth in Paragraph 20 are denied.

21. The allegations set forth in Paragraph 21 are denied.

**COUNT I – VIOLATION OF NCGS 25-9-609**
**(Brought on Behalf of Plaintiff Individually)**

22. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. The allegations set forth in Paragraph 23 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

24. The allegations set forth in Paragraph 24 of the Complaint are denied.

**COUNT II – TRESPASS TO REAL PROPERTY**
**(Brought on Behalf of Plaintiff Individually)**

25. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. The allegations set forth in Paragraph 26 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

27. The allegations set forth in Paragraph 27 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

28. The allegations set forth in Paragraph 28 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

29. The allegations set forth in Paragraph 29 of the Complaint are denied.

30. The allegations set forth in Paragraph 30 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

### COUNT III – TRESPASS TO PERSONAL PROPERTY
**(Brought on Behalf of Plaintiff Individually)**

31. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. The allegations set forth in Paragraph 32 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

33. The allegations set forth in Paragraph 33 of the Complaint are denied.

### COUNT IV – CONVERSION
**(Brought on Behalf of Plaintiff Individually)**

34. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. The allegations set forth in Paragraph 35 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

36. The allegations set forth in Paragraph 36 of the Complaint are denied.

## COUNT V – NEGLIGENCE PER SE
**(Brought on Behalf of Plaintiff Individually)**

37. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. The allegations set forth in Paragraph 38 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

39. The allegations set forth in Paragraph 39 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

40. The allegations set forth in Paragraph 40 of the Complaint are denied.

41. The allegations set forth in Paragraph 41 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

### *INDIVIDUAL AND CLASS CLAIMS*

## COUNT VI – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
**(Brought on Behalf of Plaintiff Individually and the Proposed Class)**

42. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

43. The allegations set forth in Paragraph 43 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

44. The allegations set forth in Paragraph 44 of the Complaint contain statements and conclusions of law, to which no response is required, and/or refer to documents that speak for

themselves. To the extent the allegations are contrary to the law and/or vary from the documents, they are denied.

45. The allegations set forth in Paragraph 45 of the Complaint are denied.

46. The allegations set forth in Paragraph 46 of the Complaint are denied.

47. The allegations set forth in Paragraph 47 of the Complaint contain statements and conclusions of law, to which no response is required, and/or refer to documents that speak for themselves. To the extent the allegations are contrary to the law and/or vary from the documents, they are denied.

48. The allegations set forth in Paragraph 48 are denied.

### COUNT VII – UNFAIR AND DECEPTIVE ACTS AND PRACTICES
**(Brought on Behalf of Plaintiff Individually and the Proposed Class)**

49. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

50. The allegations set forth in Paragraph 50 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

51. The allegations set forth in Paragraph 51 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

52. The allegations set forth in Paragraph 52 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

53. The allegations set forth in Paragraph 53 of the Complaint are denied.

54. The allegations set forth in Paragraph 54 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

55. The allegations set forth in Paragraph 55 of the Complaint are denied.

56. The allegations set forth in Paragraph 56 of the Complaint are denied.

57. The allegations set forth in Paragraph 57 of the Complaint are denied.

**COUNT VIII – FRAUDULENT INDUCEMENT**
**(Brought on Behalf of Plaintiff Individually and the Proposed Class)**

58. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

59. The allegations set forth in Paragraph 59 of the Complaint are denied.

60. The allegations set forth in Paragraph 60 of the Complaint are denied.

61. The allegations set forth in Paragraph 61 of the Complaint are denied.

62. The allegations set forth in Paragraph 62 of the Complaint are denied.

63. The allegations set forth in Paragraph 63 of the Complaint are denied.

64. The allegations set forth in Paragraph 64 of the Complaint are denied.

**COUNT IX – FRAUDULENT MISREPRESENTATION**
**(Brought on Behalf of Plaintiff Individually and the Proposed Class)**

65. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

66. The allegations set forth in Paragraph 66 of the Complaint are denied.

67. The allegations set forth in Paragraph 67 of the Complaint are denied.

68. The allegations set forth in Paragraph 68 of the Complaint are denied.

69. The allegations set forth in Paragraph 69 of the Complaint are denied.

## COUNT X – NEGLIGENT MISREPRESENTATION
**(Brought on Behalf of Plaintiff Individually and the Proposed Class)**

70. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

71. The allegations set forth in Paragraph 71 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

72. The allegations set forth in Paragraph 72 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent Paragraph 72 of the Complaint sets forth allegations against Ally, they are denied.

73. The allegations set forth in Paragraph 73 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent Paragraph 73 of the Complaint sets forth allegations against Ally, they are denied.

74. The allegations set forth in Paragraph 74 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent Paragraph 74 of the Complaint sets forth allegations against Ally, they are denied.

75. The allegations set forth in Paragraph 75 of the Complaint are denied.

76. The allegations set forth in Paragraph 76 of the Complaint are denied.

77. The allegations set forth in Paragraph 77 of the Complaint are denied.

78. The allegations set forth in Paragraph 78 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

79. The allegations set forth in Paragraph 79 of the Complaint are denied.

## COUNT XI – VIOLATION OF NCGS 75-50 *et al* (NORTH CAROLINA DEBT COLLECTION ACT)
**(Brought on Behalf of Plaintiff Individually and the Proposed Class)**

80. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

81. The allegations set forth in Paragraph 81 of the Complaint are denied.

82. The allegations set forth in Paragraph 82 of the Complaint are denied.

83. The allegations set forth in Paragraph 83 of the Complaint are denied.

84. The allegations set forth in Paragraph 84 of the Complaint are denied.

85. The allegations set forth in Paragraph 85 of the Complaint are denied.

86. The allegations set forth in Paragraph 86 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

## COUNT XII – VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
**(Brought on Behalf of Plaintiff Individually and the Proposed Class)**

87. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

88. The allegations set forth in Paragraph 88 of the Complaint are denied.

89. The allegations set forth in Paragraph 89 of the Complaint are denied.

## COUNT XIII – NEGLIGENCE PER SE
**(Brought on Behalf of Plaintiff Individually and the Proposed Class)**

90. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

91. The allegations set forth in Paragraph 91 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

92. The allegations set forth in Paragraph 92 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

93. The allegations set forth in Paragraph 93 of the Complaint are denied.

## COUNT XIV – BREACH OF QUASI CONTRACT
**(Brought on Behalf of Plaintiff Individually and the Proposed Class)**

94. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

95. The allegations set forth in Paragraph 95 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

96. The allegations set forth in Paragraph 96 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

97. The allegations set forth in Paragraph 97 of the Complaint are denied.

98. The allegations set forth in Paragraph 98 of the Complaint are denied.

## COUNT XV – CONSPIRACY
### (Brought on Behalf of Plaintiff Individually and the Proposed Class)

99. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

100. The allegations set forth in Paragraph 100 of the Complaint are denied.

101. The allegations set forth in Paragraph 101 of the Complaint are denied.

102. The allegations set forth in Paragraph 102 of the Complaint are denied.

103. The allegations set forth in Paragraph 103 of the Complaint are denied.

104. The allegations set forth in Paragraph 104 of the Complaint are denied.

105. The allegations set forth in Paragraph 105 of the Complaint are denied.

106. The allegations set forth in Paragraph 106 of the Complaint are denied.

107. The allegations set forth in Paragraph 107 of the Complaint are denied.

108. The allegations set forth in Paragraph 108 of the Complaint are denied.

## *CLASS ALLEGATIONS*

109. Ally incorporates the foregoing paragraphs as though the same were set forth at length herein.

110. To the extent the allegations set forth in Paragraph 110 of the Complaint are a characterization of this action, such allegations are not subject to denial or admission. To the extent any response is required, Ally denies that Plaintiff has any basis in fact or law to maintain this action against Ally. Further, Ally denies the requirements of Fed. R. Civ. P. 23 are met with respect to the class defined in the Complaint.

**A. Class Definition(s)**

111. The allegations set forth in Paragraph 111 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to

law, they are denied. Further, Ally denies the requirements of Fed. R. Civ. P. 23 are met with respect to the Class defined in the Complaint.

112. Ally denies that a class is certifiable in this case and, therefore, denies that there are any members of a Class as defined in Paragraph 112. To the extent any facts are alleged in Paragraph 112, they are denied.

113. Ally denies that a class is certifiable in this case and, therefore, denies that the proposed "class period" is appropriately defined as set forth in Paragraph 113 of the Complaint.

114. Ally admits Plaintiff has excluded certain individuals out of his proposed class definition, however, Ally denies that a class is certifiable in this case. To the extent any facts are alleged in Paragraph 114, they are denied. The remaining allegations set forth in Paragraph 114 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied

### B. Numerosity – FRCP 23(a)(1)

115. Ally denies that a class is certifiable in this case and, therefore, denies there are any members of a Class as alleged in Paragraph 115. Ally further denies that the proposed class can be easily identified.

### C. Commonality – FRCP 23(a)(2)

116. Ally denies that common issues of law or fact exist as to Plaintiff's proposed Class or that any common questions predominate over the necessarily individualized inquiries impacting the proposed Class.

117. Ally denies that common issues of law or fact exist as to Plaintiff's proposed Class, including those set forth in subparts (a) – (e) of Paragraph 117 of the Complaint.

### D. Typicality – FRCP 23(a)(3)

118. The allegations set forth in Paragraph 118 of the Complaint are denied.

119. The allegations set forth in Paragraph 119 of the Complaint are denied.

120. The allegations set forth in Paragraph 120 of the Complaint are denied.

### E. Adequacy – FRCP 23(a)(4)

121. The allegations set forth in Paragraph 121 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

122. The allegations set forth in Paragraph 122 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

### F. Predominance – FRCP 23(b)(3)

123. Ally denies that common issues of law or fact exist as to Plaintiff's proposed Class or that any common questions predominate over the necessarily individualized inquiries impacting the proposed Class.

124. Ally denies that common issues of law or fact exist as to Plaintiff's proposed Class or that any common questions predominate over the necessarily individualized inquiries impacting the proposed Class. The remaining allegations set forth in Paragraph 124 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the remaining allegations are contrary to law, they are denied.

125. Ally denies that common issues of law or fact exist as to Plaintiff's proposed Class or that any common questions predominate over the necessarily individualized inquiries impacting the proposed Class. The remaining allegations set forth in Paragraph 125 of the Complaint contain

statements and conclusions of law, to which no response is required, and/or refer to documents that speak for themselves. To the extent the remaining allegations are contrary to the law and/or vary from the documents, they are denied.

126. Ally denies that common issues of law or fact exist as to Plaintiff's proposed Class or that any common questions predominate over the necessarily individualized inquiries impacting the proposed Class. The remaining allegations set forth in Paragraph 126 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the remaining allegations are contrary to law, they are denied.

### G. Superiority – FRCP 23(b)(3)

127. The allegations set forth in Paragraph 127 of the Complaint are denied.

128. The allegations set forth in Paragraph 128 of the Complaint are denied.

129. The allegations set forth in Paragraph 129 of the Complaint are denied.

### F. The Prerequisites of Rule 23(b)(3) are Satisfied

130. Ally denies that the Complaint satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). Ally further denies that common issues of law or fact exist as to Plaintiff's proposed Class or that any common questions predominate over the necessarily individualized inquiries impacting the proposed Class. The remaining allegations set forth in Paragraph 130 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the remaining allegations are contrary to law, they are denied.

### JURY DEMAND

Ally admits that Plaintiff demands a trial by jury.

## REQUEST FOR RELIEF

Ally denies that Plaintiff is entitled to the relief sought in the unnumbered THEREFORE paragraph, including sub-paragraphs (1) – (8), following the Jury Demand of the Complaint.

Ally denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs above.

Ally denies that it is liable to Plaintiff in any manner whatsoever under any theory whatsoever.

Ally reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

Ally reserves the right to amend its Answer to Plaintiff's Complaint to conform to the evidence as determined in discovery or at trial.

## AFFIRMATIVE DEFENSES

Ally hereby sets forth the following affirmative defenses to the Complaint. By asserting the defenses set forth below, Ally does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Ally admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which he is entitled.

1. The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Ally reserves the right to file a Motion for Judgment on the Pleadings or other dispositive motion seeking dismissal of all Plaintiff's individual and class claims.

2. Plaintiff cannot proceed with this case as he signed a written agreement releasing

Ally for the conduct alleged in the Complaint.

3. Plaintiff cannot proceed as a representative of the purported class as he signed a written agreement releasing Ally for the conduct alleged in the Complaint.

4. Plaintiff and the purported class members cannot proceed with this class action because Plaintiff's claims cannot satisfy the requirements of Fed. R. Civ. P. 23.

5. The purported class cannot be certified, and the class claims fail because this Court lacks personal jurisdiction over Ally as to any claims by purported class members who are nonresidents of North Carolina and who have no connection to this forum. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017). Ally reserves the right to file a motion seeking dismissal of the purported class claims due to lack of personal jurisdiction.

6. Plaintiff's claims, and the claims of the purported class members, are barred to the extent Plaintiff or purported class members have unclean hands.

7. Ally avers that some or all of the claims made in the Complaint may be barred because Plaintiff and/or the purported class members lack standing to the extent they have suffered no injury-in-fact.

8. Ally denies that Plaintiff or the purported class members sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff or the purported class members.

9. Plaintiff and the purported class members cannot recover from Ally to the extent that any damages that Plaintiff may have suffered, which Ally continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

10. Plaintiff and the purported class members cannot recover from Ally to the extent that any damages Plaintiff or the purported class members may have or will suffer as alleged in

the Complaint, which Ally continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Ally had no control, and for whose conduct Ally is not responsible, which bars or diminishes any recovery by Plaintiff or the purported class members against Ally.

11. At all times relevant, Ally acted reasonably and in good faith and without any malice or intent to injure Plaintiff or the purported class members or to violate applicable federal and/or state law.

12. Plaintiff and the purported class members lack Article III standing to assert the alleged claims against Ally. Among other things, Plaintiff – on behalf of the purported class members – has failed to allege and cannot prove that he or the purported class members suffered a concrete and particularized injury in fact as a result of conduct alleged in the Complaint. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

13. Plaintiff knew of the purported acts or omissions he ascribes to Ally in this action and was fully aware of his rights against Ally (if any) but nevertheless inexcusably and unreasonably delayed in asserting those rights, to the prejudice of Ally. For this, and additional reasons, Plaintiff's and the purported class claims are barred by the equitable doctrine of laches.

14. Plaintiff and the purported class' claims may be barred, in whole or in part, to the extent Plaintiff and the purported class have not suffered any actual damages.

15. Plaintiff and the purported class' claims may be barred, in whole or in part, to the extent Plaintiff and the purported class have failed to mitigate their damages.

16. Plaintiff's claims are subject to set-off of all sums due and owing to Ally.

17. Ally reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses and reserves the right to rely upon any and all defenses (affirmative and

otherwise) as may become known through discovery or at trial.

WHEREFORE, Defendant Ally Financial Inc., by counsel, respectfully requests that the Court dismiss all Plaintiff's claims against Ally, with prejudice, dismiss the purported class and class claims, enter judgment in favor of Ally, and against Plaintiff, and award Ally such other and further relief as the Court may deem just and appropriate.

Dated: June 24, 2019
**ALLY FINANCIAL INC.**

By: */s/ Keaton C. Stoneking*
Keaton C. Stoneking
North Carolina Bar No. 53627
TROUTMAN SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Tel:   (704) 998-4088
E-mail: Keaton.stoneking@troutman.com
*Counsel for Defendant Ally Financial Inc.*