STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

Case No: 19-CVS-6015

DANIEL C. FLINT,

        Plaintiff,

v.

THE NORTH CAROLINA STATE BAR,
THE NORTH CAROLINA DISCIPLINARY
HEARING COMMISSION, and
MARGARET T. CLOUTIER,

        Defendants.

_____/

## FIRST AMENDED VERIFIED COMPLAINT, PETITION FOR TEMPORARY RESTRAINING ORDER, and MOTION FOR PRELIMIANRTY INJUNCTION

NOW COMES Plaintiff Daniel C Flint, ("Mr. Flint"), by and through his Attorneys, the Law Offices of Daniel C. Flint, P.C. Pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure, Mr. Flint hereby amends his complaint as a matter of course. For Mr. Flint's first amended complaint, he states as follows:

### *PARTIES JURISDICTION AND VENUE*

1. Plaintiff, Daniel Flint holds his principal place of residence in Charlotte, NC. Plaintiff is a licensed Attorney in the State of North Carolina.

2. The Defendant North Carolina State Bar ("NCSB") is the government agency responsible for the regulation of the legal profession in North Carolina. Defendant NCSB regularly and systematically conducts business in Charlotte, North Carolina. Based upon information and belief, Defendant NCSB regularly and systematically conducts business in Charlotte, NC.

3. The Defendant North Carolina Disciplinary Hearing Commission ("DHC") hears all contested attorney disciplinary cases. Defendant DHC is attempting to order the interim suspension of Plaintiff's license to practice law. Therefore, DHC is a necessary party as defined by Rule 19 of the North Carolina Rules of Civil Procedure.

4. The Defendant Margaret T. Cloutier is a Deputy Counsel for the Defendant NCSB. Based upon information and belief, Defendant Cloutier regularly and systematically conducts business in Charlotte, NC.

5. This Complaint seeks injunctive relief against the enforcement of a regulation. Specifically, Rule .0119(b) of the Rules of Discipline and Disability. Therefore, jurisdiction is proper in this Honorable Court pursuant to North Carolina General Statute 7A-245, regardless of the amount in controversy.

6. The cause of action contained in this complaint arose in Mecklenburg County, North Carolina. Therefore, venue is proper pursuant to N.C. Gen. Stat. §1-77.

## FACTUAL ALLEGATIONS

7. Plaintiff was licensed to practice law in North Carolina on February 26, 2016.

8. On October 19, 2018, Plaintiff was found guilty by a jury in the United States District Court, Central District of California for Entering an Airport Area in Violation of Security Requirements.

9. A certified conviction has not been entered against Plaintiff in the above referenced federal case because the Federal Court has not yet ruled on Plaintiff's post-trial motions. (see Docket Report, entry #140, **Attached as Exhibit 1**.)

10. On or about February 14, 2019, Cloutier served Plaintiff a letter of notice and substance of Grievance by mailing the same to his Charlotte business address by certified mail. (see email,

**Attached as Exhibit 2**, page 4). In said correspondence, Cloutier specifically stated that Defendant NCSB would file a Motion for Interim Suspension when she received "a certified copy of [the] conviction" of the Federal Court case.

11. On February 14, 2019, Defendant Cloutier filed a Motion for Interim Suspension of Plaintiff's license to practice law – even though she had *not* received a certified copy of the conviction.

12. On February 20, 2019, Plaintiff emailed Cloutier and stated: "I received your letter requesting a consent to interim suspension. In your letter you stated that, if I chose not to consent, you would file a motion after receiving a certified judgment. At this time, I cannot consent to your request. If a certified judgement is filed, I will be happy to discuss this matter with you further." (Exhibit 2, page 5). Cloutier responded by informing Plaintiff that she had already filed a Motion for Interim Suspension. To which Plaintiff replied: "your letter indicated that you would not file any motion until you obtained a 'certified copy of the conviction.' Was this a misrepresentation? I would ask that you withdraw your motion until the certified conviction is filed. In your letter you stated that you would 'send me a copy of a Motion for Interim Suspension as soon as you receive the certified copy of the conviction.'" (Exhibit 2, page 4).

13. Plaintiff further responded to Cloutier by stating: "Again, you specifically stated you would not send the motion until after the conviction, not verdict, was filed. With this regard, if a conviction is filed, it won't be until after the sentencing and post-trial motion are held on April 1. I expressly relied upon your statements when I determined that I had until April 1 to address your motion. I even contacted my current counsel to verify that a conviction wouldn't be filed until after April 1." (Exhibit 2, page 2).

EXHIBIT C

a. Note: the April 1 date has since been continued to April 29, 2019.

14. In response, Cloutier informed Plaintiff that "Since you have stated that you relied on my misstatement that I would file the motion upon receipt of a certified copy of the conviction, I have reconsidered and will agree to withdraw the Motion for Interim Suspension." (Exhibit 2, page 2).

15. However, despite withdrawing her motion, Cloutier refiled the Motion for Interim Suspension on March 1, 2019. (**Attached as Exhibit 3**).

16. Defendants March 1, 2019 motion specifically states that "upon receipt by the Chairperson of the Disciplinary Hearing Commission of a certified copy of a *conviction* ... the Chairperson may ... enter an order suspending the member from practicing law ...." (Exhibit 3, paragraph 8) (emphasis added). For the second time, Defendants make written statements indicating that a motion for interim suspension may *only* be entered after entry of a certified copy of a conviction.

17. Defendants' March 1, 2019 Motion for Interim Suspension cites no authority (nor argument) to support the implication that an order of interim suspension may be entered against an individual *before* the entry of a certified conviction.

18. Plaintiff relied upon the statements made in Defendants motion and responded to the same informing the DHC that "[Defendants'] request for interim suspension is not ripe for review and must be denied. Furthermore, because Petitioner's request is premature and not ripe, no response to the same is needed." (Plaintiff's Response to Defendants' Motion for Interim Suspension, paragraph 7, **Attached as Exhibit 4**.)

19. Plaintiff relied upon the plain meaning rule when determining that no response to Defendants' request for interim suspension was needed – i.e. each of Defendants' statements was read word for word and interpreted according to the ordinary meaning of the language.

20. With this regard, when interpreting the statements made in Defendants' motion, specifically the statement that, "*upon receipt* ... of a certified copy of a conviction, [the Chairperson may enter an order of interim suspension]," Plaintiff determined that the ordinary meaning of the words meant that the Chairperson could not enter an order of interim suspension *until* it received a certified copy of conviction. In other words, entry of a certified copy of conviction is a condition precedent to the Chairperson's ability to enter an order of interim suspension.

21. Plaintiff relied upon the plain meaning of Defendants' words and determined that a response to its' request is *not* required because the Chairperson does not have the ability to enter an order of interim suspension since no certified conviction has been entered. Therefore, Plaintiff did not respond to Defendants' motion and instead simply argued that the motion was not ripe for review.

22. Despite this detrimental reliance, the Chairperson for the DHC has indicated that it will sign an order of interim suspension, although no such order has yet been signed. (see Email from Clerk of the DHC, **Attached as Exhibit 5**).

*CAUSES OF ACTION*

**COUNT 1: (Fraud/Fraudulent Misrepresentation)**
**(Against Defendants NCSB and Cloutier)**

23. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

24. Defendant Cloutier falsely stated that she would not file a motion for interim suspension until after a certified copy of a conviction was filed in Plaintiff's federal case.

25. Defendant SBNC's Motion for Interim Suspension falsely stated that "upon receipt by the Chairperson of the Disciplinary Hearing Commission of a certified copy of a *conviction* ... the Chairperson may ... enter an order suspending the member from practicing law ...." (Exhibit 3, paragraph 8).

26. The false statements were reasonably calculated to deceive Plaintiff because Defendants made the statements (1) knowing it was false; (2) with reckless disregard to the truth; or (3) asserting it was true, without any knowledge of its truth or falsity.

27. The false representation was made with the intent that Plaintiff act upon the same and be induced to not address the merits of Defendants' Motion for Interim Suspension and instead only argue that it cannot be brought until a certified conviction is filed. The same is true because Cloutier specifically told Plaintiff: "You are certainly free to raise these issues in accordance with the Rules of Discipline and Disability." (Exhibit 2, page 3).

28. Plaintiff did, in-fact, rely on the false representation when deciding not to respond to the merits of Defendants motion because the false representation specifically stated that an order of interim suspension could only be entered "upon receipt" of "a certified conviction." (Exhibit 3, paragraph 8).

29. Plaintiff's reliance on the false representation was reasonable because, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care for their own welfare, would have relied on the false representation. The false representation was made in a publicly filed legal motion – not only was it reasonable for Plaintiff to rely on the statement, Plaintiff was ***required*** to rely on said statement in order to properly respond to the same.

30. The false statements formed the basis of authority for Defendants' motion and are therefore a material fact.

6

Case 3:19-cv-00189-FDW-DCK   Document 18-4   Filed 07/22/19   Page 6 of 13   EXHIBIT C

31. Defendants' false representation was the proximate cause of Plaintiff's injuries because, but for those statements, Plaintiff would have responded to the merits of the NCSB's Motion for Interim Suspension.

### COUNT 2: (Negligent Misrepresentation)
### (Against Defendants NCSB and Cloutier)

32. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

33. Defendants had a duty to exercise reasonable care and competence in obtaining and communicating information to Plaintiff because they intended him to rely upon, *or* knew he would rely upon, said information when responding to the motion for interim suspension. Defendants' failure to exercise reasonable care and competence is negligent misrepresentation.

34. Informing Plaintiff that an order for interim suspension would only be entered after entry of a certified conviction was, in-fact, false.

35. Defendants did not obtain or communicate the false information with the same degree of care, knowledge, intelligence or judgment that a prudent person would use under the same or similar circumstances.

36. Plaintiff actually relied on the false information provided by Defendant, and this reliance was justifiable.

37. Plaintiff's reliance on the false information was justifiable because, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care, would rightfully believe the statements made in a publicly filed legal document.

EXHIBIT C

38. Plaintiff's reliance on the false information was justifiable because, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care, would have relied on the false information.

39. Plaintiff's reliance proximately caused detriment to him by inducing him to not respond to the merits of Defendants motion for interim suspension and instead simply arguing that the motion was not ripe for review.

## COUNT 3: (Negligent Infliction of Severe Emotional Distress)
### (Against Defendants NCSB and Cloutier)

40. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

41. Defendants were negligent for the reasons stated herein.

42. Plaintiff suffered severe emotional distress as a result of Defendants negligence. Severe emotional distress means neurosis, psychosis, chronic depression, phobia, or any type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by a professional trained to do so. Plaintiff suffers from a chronic phobia and fear that his license to practice law will be wrongfully taken away.

43. Defendants' negligence was a proximate cause of Plaintiff's severe emotional distress because such negligence caused a natural and continuous sequence of events that resulted in Plaintiffs' severe emotional distress. Defendants' negligence is a proximate cause of Plaintiff's injuries because, but-for Defendants' false statements, Plaintiff would have responded to the merits of the motion for interim suspension.

44. The law does not require any physical impact, physical injury or physical manifestation of emotional distress to be proven.

8

## COUNT 4: (Equitable Estoppel/Detrimental Reliance)
(Against All Defendants)

45. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

46. Plaintiff declined to respond to Defendant SBNC's motion for interim suspension based upon the representations made in said motion and based upon Defendant Cloutier's conduct, including her statement telling Plaintiff he was "certainly free to raise these issues." (Exhibit 2, page 3).

47. Such reliance caused Plaintiff detriment by causing him to lose the opportunity to respond to the merits of Defendants' motion for interim suspension.

48. Plaintiff relied upon Defendants actions and statements in good faith because said states where included in a publicly filed legal document and were presumed to be true and accurate.

49. Defendants' false statement ("upon receipt by the Chairperson of the Disciplinary Hearing Commission of a certified copy of a *conviction* ... the Chairperson may ... enter an order suspending the member from practicing law ...."), induced Plaintiff to believe that the Chairperson could only enter an order of interim suspension after a certified copy of conviction was filed. (Exhibit 3, paragraph 8).

50. Plaintiff rightfully relied and acted upon the belief that the Chairperson did not have the power to enter an order of interim suspension.

51. Such reliance was detrimental to Plaintiff as the Disciplinary Hearing Commission has indicated that it will enter an order of interim suspension, despite the fact that Plaintiff has not had an opportunity to respond to the merits of the same.

52. The doctrine of equitable estoppel should be applied to prevent the NCSB and Cloutier from obtaining an order of interim suspension prior to entry of a certified conviction and to enjoin the Disciplinary Hearing Commission from entering an order of interim suspension.

### COUNT 5: (Willful or Wanton Conduct)
### Claims for Punitive Damages – Defense to Contributory Negligence
### (Against Defendants NCSB and Cloutier)

53. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

54. Defendants' actions were willful because Defendant intentionally failed to carry out a duty imposed by law. Defendant's actions were wanton because Defendant acted in conscious and intentional disregard of and indifference to a duty imposed by law.

55. Defendants' willful and wanton conduct was a proximate cause of Plaintiff's injuries.

56. Because Defendants' actions were willful and wanton, Defendant is precluded from asserting contributory negligence as a defense. Furthermore, because Defendants' actions were willful and wanton, Plaintiff is entitled to recover punitive damages pursuant to N.C.G.S. §1D-15.

### COUNT 6: (Claims for Pain and Suffering)
### (Against Defendants NCSB and Cloutier)

57. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

58. As a proximate result of Defendants' wrongful actions, Plaintiff has experienced mental and physical pain and suffering, inconvenience, and loss of enjoyment of life.

59. Plaintiff requests economic damages and non-economic damages for his personal injuries and mental pain and suffering, together with any other relief this Honorable Court deems just and appropriate under the circumstances.

EXHIBIT C

## COUNT 7: (Conspiracy to Tortuously Interfere with Contractual Right)
### (Against All Defendants)

60. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

61. A valid contract right existed between Plaintiff and his clients.

62. Defendants had knowledge of the facts giving rise to Plaintiff's contract right with his clients.

63. Defendants conspired to intentionally induce Plaintiff's clients to terminate the contract right to which Plaintiff was entitled.

64. Defendants acted without justification.

65. Defendants actions resulted in actual damages to Plaintiff.

## COUNT 8: (Violation of Section 1983 – Due Process)
### (Against All Defendants)

66. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

67. Section 1983 is a civil rights law passed by Congress and designed to provide a remedy to persons who have been deprived of their federal constitutional or statutory rights under color of state law.

68. At all times relevant, Defendants acted under color of state law.

69. While acting under color of state law, Defendants violated Plaintiff's constitutional rights by depriving him of his license to practice law without Due Process. Such conduct violates 14th Amendment of the United States Constitution.

70. Defendant's violation of Section 1983 was the proximate cause of Plaintiff's damages, which Plaintiff actually incurred.

## COUNT 9: (Conspiracy to Violate Section 1983 – Due Process)
### (Against All Defendants)

71. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

72. At all times relevant, Defendants acted under color of state law.

73. While acting under color of state law, Defendants conspired to violate Plaintiff's constitutional rights by depriving him of his license to practice law without Due Process. Such conduct violates the 14th Amendment of the United States Constitution.

74. Such conspiracy was the proximate cause of Plaintiff's damages, which Plaintiff actually incurred.

## REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court enter a judgment against Defendant for the following relief:

1. Compensatory, statutory, and punitive damages in an amount to be determined at trial;

2. Economic damages (including costs and attorney's fees necessary to bring this action);

3. Non-economic damages for his personal injuries and his mental pain and suffering;

4. Equitable relief in the form of a temporary restraining order and/or preliminary injunction preventing the NCSB and Cloutier from obtaining an order of interim suspension prior to entry of a certified conviction and to enjoin the Disciplinary Hearing Commission from entering an order of interim suspension; and

5. Any other relief this Honorable Court deems fair and just under the circumstances.

EXHIBIT C

Respectfully Submitted,

_[signature]_

**Law Offices of Daniel C. Flint, P.C.**
Daniel C. Flint
(NC License 50000)
Attorneys for Plaintiff
525 N. Tryon, Suite 1600
Charlotte, NC 28203
704-904-8469

Dated: 4/1/2019

## VERIFICATION

STATE OF NORTH CAROLINA )
) ss.:
COUNTY OF MECKLENBURG )

Before me, the undersigned, personally appeared Daniel C. Flint, who after being duly sworn, stated:

(a) I have personal knowledge of the facts and circumstances relevant to and surrounding the circumstances that are the subject of the above-styled action.

(b) I have personal knowledge of all facts set forth in the foregoing Verified Complaint and Petition for Temporary Restraining Order (the "Petition").

(c) The facts set forth in the foregoing Complaint and Petition are true and correct in all respects.

(d) I have duly executed the foregoing to verify the truth of all factual assertions made therein.

FURTHER AFFIANT SAYETH NAUGHT.

_[signature]_
DANIEL C. FLINT

SWORN TO AND SUBSCRIBED before me this 1ˢᵗ day of April, 2019, by Daniel C Flint.

_[signature]_
(Signature of notary public)

(Seal)

Joseph C. Cataldo
Printed name of notary public

JOSEPH C CATALDO
Notary Public, North Carolina
Mecklenburg County
My Commission Expires
December 10, 2023

13

EXHIBIT C