IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DANIEL C. FLINT, *et al.*, | : |
| | : No. 3:19-cv-00189-FDW-DCK |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ALLY FINANCIAL INC., *et al.*, | : |
| | : |
| Defendants. | : |

## DEFENDANT ALLY FINANCIAL INC.'S
## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendant Ally Financial Inc., ("Ally"), by counsel, submits the following opposition to Plaintiff Daniel C. Flint's ("Plaintiff") Motion to Strike [Dkt. No. 30] ("Motion") seeking to strike Ally's Motion to Strike Class Allegations [Dkt. No. 18], Defendant UAR National Services, LLC's Motion to Strike Class Allegations [Dkt. No. 22], and Defendant Associates Asset Recovery, LLC's Motion to Strike Class Allegations [Dkt. No. 24] (Defendants' Motions to Strike Class Allegations are collectively, the "Defendants' Motions"). For the reasons set forth below, Plaintiff's Motion should be denied, and Plaintiff should be required to respond to Defendants' Motions by September 3 pursuant to this Court's Order [Dkt. No. 26].

## ARGUMENT

As set forth below, Plaintiff's Motion should be denied as only the final argument in Defendants' Motions is premised on Plaintiff being found guilty of a felony. However, if the Court is inclined to grant Plaintiff relief based on his filed Petition, the Court should stay (not strike) Defendants' Motions pending resolution of Plaintiff's Petition given the separate and independent bases for dismissing Plaintiff's class allegations.

### A.   PLAINTIFF'S MOTION SHOULD BE DENIED.

Ally's Motion to Strike Class Allegations ("Ally's Motion") seeks to dismiss Plaintiff's class allegations on the basis that: (1) the Complaint clearly establishes that Plaintiff will be unable to satisfy the requirements of Rule 23(a); (2) an inherent conflict exists between Plaintiff's proposed dual role as class representative and lead class counsel; and (3) Plaintiff is an inadequate selection as lead counsel. [Dkt. No. 18-1]. Additionally, both Defendants UAR National Services and Associates Asset Recovery's Motions to Strike Class Allegations incorporate Ally's Motion by reference and join in Ally's arguments. [Dkt. Nos. 22, 24-1].

In his Motion, Plaintiff argues "Defendants' motions to strike are based upon their alleged argument that 'Plaintiff should be disqualified as lead class counsel due to his felony conviction in California that has led to suspension of his Michigan law licenses and current litigation regarding his North Carolina law license.'" [Dkt. No. 30, ¶ 2]. Further, Plaintiff argues that his Petition filed in his criminal case necessitates striking Defendants' Motions as "arguments as to why Plaintiff should be disqualified as lead counsel are not ripe for review, as no certified conviction has been filed and the pending petition should vacate the jury trial." [Dkt. No. 30, ¶ 6]. Finally, Plaintiff asserts that "Defendants' reliance and discussions regarding the California matter pervades each of their motions, thus each motion must be stricken in its entirety." [Dkt. No. 30, ¶ 8].

However, setting aside Plaintiff's optimism that his extraordinary petition for post-conviction relief will be granted,[1] Plaintiff's argument fails for another other important reason –

---

[1] As Plaintiff's Motion points out, no certified conviction has been filed in Plaintiff's criminal case. However, on October 19, 2018, Plaintiff was found guilty of felony violation of 49 U.S.C. §§ 46314(a), (b)(2) in the Central District of California. *See USA v. Flint*, Case No.: 2:17-cr-00697-SJO-1 (C.D. Cal.). Plaintiff's Sentencing Hearing is scheduled for September 16, 2019, and the

only the final argument in Defendants' Motions is premised on Plaintiff being found guilty of a felony. Ally's primary arguments have nothing to do with Plaintiff's on-going criminal case.

As set forth above and in Ally's Motion, Plaintiff's class allegations should be stricken because the Complaint clearly establishes that Plaintiff will be unable to satisfy the requirements of Rule 23(a) and an inherent conflict exists between Plaintiff's proposed dual role as class representative and lead class counsel. While Ally also believes Plaintiff's felony conviction (impersonating a diplomat to avoid search by airport security) should also disqualify him as lead class counsel, neither of the two foregoing arguments are implicated by Plaintiff's on-going efforts to overturn his guilty verdict.[2] As such, it is inaccurate to say arguments related to Plaintiff's criminal case "pervade" Defendants' Motions. Further, Defendants' primary arguments are ripe for consideration.

Therefore, Plaintiff's Motion should be denied. Plaintiff has already received an extension until September 3, 2019 on his deadline to file a response to Defendants' Motions, and Plaintiff should be required to timely respond in accordance with this Court's Order [Dkt. No. 26].

### B. IN THE ALTERNATIVE, DEFENDANTS' MOTIONS SHOULD BE STAYED PENDING A RULING ON PLAINTIFF'S PETITION.

While Ally believes Defendants' Motions should go forward, if the Court is inclined to grant Plaintiff relief based on his Petition, Ally respectfully requests that Defendants' Motions be stayed pending a ruling on Plaintiff's Petition.

---

Government has recommended a 14-month sentence, followed by a 3-year supervised release. *See* Sentencing Memorandum, Dkt. 154, *USA v. Flint*, Case No.: 2:17-cr-00697-SJO-1 (C.D. Cal.).

[2] Ally also believes Plaintiff's interim suspension of his license to practice law in Michigan, effective on the date of his felony conviction, as well as litigation against the North Carolina State Bar and the North Carolina Disciplinary Hearing Commission regarding his North Carolina law license, also disqualify Plaintiff to serve as lead class counsel. [*See* Dkt. Nos. 18-3, 18-4].

The Court in Plaintiff's criminal case set September 3, 2019, as the deadline for the government to respond to Plaintiff's Petition and September 5, 2019, for Plaintiff's reply. [*See* Dkt. No. 30, ¶ 5]. Further, Plaintiff's Sentencing Hearing remains set for September 16, 2019. *See* Order Continuing Sentencing to September 16, 2019, Dkt. 156, *USA v. Flint*, Case No.: 2:17-cr-00697-SJO-1 (C.D. Cal. June 24, 2019). Moreover, even if the Court were to grant Plaintiff's Petition, the majority of the arguments in Defendants' Motions are unrelated to this issue. Thus, at most, a brief stay would avoid the prejudice of striking Defendants' Motions in their entirety when those pending motions include separate and independent basis to dismiss the class allegations and Plaintiff has already received an extension on his response.

## CONCLUSION

Defendant Ally Financial Inc. respectfully requests this Court deny Plaintiff's Motion to Strike. In the alternative, Ally Financial Inc. respectfully requests this Court enter an Order staying Defendants' Motions until Plaintiff's Petition is ruled upon by the Central District of California in Plaintiff's criminal case, Case No. CR-17-00697-SJO.

## WORD COUNT CERTIFICATION

Pursuant to this Court's Initial Scheduling Order, the undersigned hereby certifies that the word count for this Opposition, not including the caption, signature block, and this certification is 1,003 words.

Dated: September 3, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**ALLY FINANCIAL INC.**

　　　　　　　　　　　　　　　　　　　　　　By: */s/ Keaton C. Stoneking*
　　　　　　　　　　　　　　　　　　　　　　Keaton C. Stoneking
　　　　　　　　　　　　　　　　　　　　　　North Carolina Bar No. 53627
　　　　　　　　　　　　　　　　　　　　　　TROUTMAN SANDERS LLP
　　　　　　　　　　　　　　　　　　　　　　301 S. College Street, 34th Floor

Charlotte, NC 28202
Tel:     (704) 998-4088
E-mail: Keaton.stoneking@troutman.com
*Counsel for Defendant Ally Financial Inc.*