IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

DANIEL C. FLINT et.al.,

    Plaintiff,

v.

ALLY FINANCIAL INC., et.al.,

    Defendants.

No. 3:19-cv-00189-FDW-DCK

**DEFENDANT ALLY FINANCIAL INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Ally Financial Inc. ("Ally"), by counsel, submits its Reply in Support of its Motion to Dismiss ("Motion") against the First Amended Complaint ("Complaint") filed by Plaintiff Daniel Flint ("Plaintiff").

**SUMMARY**

Plaintiff's Complaint fails to state a claim for relief. In his Opposition, Plaintiff raises misplaced and irrelevant arguments in a futile attempt to remedy his Complaint that should be dismissed with prejudice.

**ARGUMENT**

**I.    PLAINTIFF'S REPOSSESSION-BASED CLAIMS FAIL**

    **A.    Plaintiff's Breach Of Peace-Based Claims Fail**

Plaintiff contends "the repossession was an illegal 'breach of peace' and therefore not authorized by either the contract or law." (Resp., p. 2). As Associate Assets Recovery explained in its Motion to Dismiss, incorporated here, the pleading requirements are not met. (Dkt. No. 32, pp. 8-10.) Plaintiff argues that because repossession occurred in his apartment complex parking garage, which requires remote entry, Repossession Defendants must have trespassed and

accordingly breached the peace. The conclusory allegations in Counts 1-5 do not suggest wrongdoing because repossession on private property, without more, is legally insufficient.

### B. Plaintiff Fails To Allege Misconduct By Ally

Plaintiff argues Ally is a party to the Release and that supports his argument that "Ally engaged in unfair and deceptive business practice[s]." (Resp., p. 3.) Ally is neither a party to the Release nor is that relevant because the Complaint is clear Ally did not ask Plaintiff to sign the Release or make any representation to Plaintiff.

A third-party beneficiary is not a party to a contract as it is neither a promisor or promisee, but instead receives a direct benefit from the Contract. *See LSB Fin. Servs. v. Harrison*, 144 N.C. App. 542, 548, 548 S.E.2d 574, 578 (2001). The Release is on Associates Asset Recovery LLC letterhead and signed by Plaintiff. Ally received a benefit from the Release, but it did not make or receive a promise of future performance.

However, this is irrelevant, because the Complaint shows Ally had no part in requesting or purportedly requiring the Release. (*See* Compl. ¶ 18-21 (alleging Repossession Defendants, not Ally, provided the Release and purportedly required Plaintiff to redeem his vehicle)). Again, Ally made no representation to Plaintiff; the entire redemption process was between Repossession Defendants and Plaintiff. (*See id*.)

### C. Ally Is Not Liable For Purported Acts Of Repossession Defendants.

Next, Plaintiff argues the Complaint "clearly indicates that Ally is vicariously liable" based on the conclusory statements "Ally is 'vicariously liable' to Mr. Flint" and "Ally is jointly and severally liable to Mr. Flint." (*See* Resp., p. 4). Plaintiff asserts the Complaint states an agency relationship because Ally allegedly initiated the repossession and had a contract with Repossession Defendants. (*Id*.) These conclusory assertions fail to state a claim as a matter of law.

2

As explained in Ally's Memorandum, "the critical element of an agency relationship is the right of control[.]" *See* C*oastal Plains Utils., Inc. v. New Hanover Cty.*, 166 N.C. App. 333, 344, 601 S.E.2d 915, 923 (2004) (citation omitted). This element is absent from the Complaint. The Complaint fails to mention an agency relationship or allege any facts in support. The Complaint does not even suggest Ally had the right to control the work of Repossession Defendants; therefore, the claim should be dismissed.

### D. Ally Did Not Delegate Any Legal Duty.

Plaintiff argues the duty to repossess in a peaceful manner is nondelegable so Ally is liable for Repossession Defendants' breach of the peace. But Plaintiff's repossession-based class claims (Counts 6-14) arise from his assertion that he was wrongfully required to sign the Release to redeem his vehicle. These allegations do not impugn "peaceful" repossession, thus "delegation" is irrelevant. These claims should be dismissed.

## II. PLAINTIFF'S CLAIMS BASED ON ALLY'S PURPORTED CONDUCT FAIL

### A. Plaintiff's FDCPA Count Fails

Attempting to salvage the defective Fair Debt Collection Practices Act ("FDCPA") claims, Plaintiff argues that though Ally is *not* a debt collector as a matter of law under the "general" definition of a debt collector, Ally is a debt collector because it uses a name other than its own to collect debts. (Resp., p. 7.) Plaintiff contends that by utilizing Repossession Defendants to complete the contractually authorized repossession, Ally used Repossession Defendants' names to collect a debt, meeting the FDCPA's definition of a debt collector. (*Id.*)

Notably, Plaintiff cites no case for this assertion. Further, repossession is *not* an attempt to collect a debt under the FDCPA; therefore, Ally did not use Repossession Defendants to attempt to collect a debt. *See*, *e.g.*, *Tucker v. Raw Recovery*, 4:97CV00346, 1998 U.S. Dist. LEXIS 20162, at *10 (M.D.N.C. Oct. 28, 1998) ("Since Defendants were not acting to collect any 'money' from

3

the [plaintiffs], this Court finds that they were not directly engaged in debt collection."); *Pflueger v. Auto Fin. Grp., Inc.*, Case No.: CV-97-9499 CAS (CTx), 1999 U.S. Dist. LEXIS 16701, at *10 (C.D. Cal. Apr. 26, 1999) ("Other district court cases interpreting the language of this section have concluded that the term 'debt collector' does not apply to repossession companies."). Thus, Plaintiff's FDCPA claims fail as a matter of law.

### B. Plaintiff's Conclusory Allegations About Phone Calls And Fees Fail

Plaintiff argues he "is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss" and must only "give fair notice of what the claim is and the grounds upon which it rests." (Resp., p. 8). However, the case Plaintiff cites does not support him. *See Anderson v. U.S. Life Ins. Co.*, No. 3:13-cv-00489-MOC, 2014 U.S. Dist. LEXIS 142596, at *13 (W.D.N.C. Oct. 6, 2014) ("[D]efendants are also entitled to judgment on plaintiff's claim of breach of contract as plaintiff fails to state plausible facts that could support such a claim."). The pleading and dismissal standards are provided in Ally's Memorandum and are well known by this Court.

Here, Plaintiff alleged no plausible facts that support his claims. Plaintiff argues that his conclusory allegation in Paragraph 83 of the Complaint "alone is enough to satisfy the requirements." (Resp., p. 8). However, these are mere legal conclusions devoid of facts, and the claims should be dismissed.

### C. Plaintiff's Conclusory Conspiracy Claim Fails

Plaintiff argues the Release plus the "benefit of imagination" is enough to set forth a plausible claim for relief regarding a conspiracy between the Defendants. (Resp., p. 9.) Ally is not a party to the Release. The Release is merely evidence of a business relationship between Defendants, not of a conspiracy. Plaintiff alleged no facts to suggest anything else, and Count 15 should be dismissed.

4

## III. THE RELEASE IS ENFORCEABLE

Plaintiff argues the Release is void and unenforceable because it is unconscionable, was signed under duress, and lacks consideration. (Resp., p.10.) Plaintiff is incorrect.

First, Plaintiff correctly states the standard for unconscionability, requiring both procedural and substantive unconscionability. Accepting Plaintiff's allegations as true, Plaintiff has not stated a claim for substantive unconscionability. *See Johnson v. Johnson*, 817 S.E.2d 466, 473 (N.C. Ct. App. 2018) ("[S]ubstantive unconscionability involves the harsh, oppressive, and one-sided terms of a contract, i.e. inequality of the bargain."). Despite Plaintiff asserting he received "literally zero benefit from signing the Release," Plaintiff admits he received his vehicle and personal property, admits they were returned without any damage, and admits receiving a report documenting the condition of his property.

Second, Plaintiff's duress of goods claim fails because Repossession Defendants were in rightful possession of Plaintiff's vehicle. Duress of goods is "when one is obliged to submit to an illegal exaction in order to obtain possession of his goods and chattels **from one who has wrongfully taken them into possession**." *Adder v. Holman & Moody, Inc*., 219 S.E.2d 190, 194 (1975) (emphasis added). Here, it is undisputed that repossession was authorized by the contract. Further, nowhere on the document did Plaintiff, a trained lawyer, indicate that he was signing under duress.

Third, Plaintiff argues the Release was not supported by consideration. But return of the vehicle and personal property, without damage, and a documented condition report are all benefits to Plaintiff for signing the Release. *See Burton v. Williams*, 689 S.E.2d 174, 178 (2010) ("[A]ny benefit, right, or interest bestowed upon the promisor, or any forbearance, detriment, or loss undertaken by the promisee, is sufficient consideration to support a contract.").

5

## CONCLUSION

Ally Financial Inc. respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint with prejudice.

## WORD COUNT CERTIFICATION

Pursuant to this Court's Initial Scheduling Order, the undersigned hereby certifies that the word count for this Reply in Support, not including the caption, signature block, and this certification is 1,395 words.

Dated: October 1, 2019

Respectfully submitted,

**ALLY FINANCIAL INC.**

By: *s/ Keaton C. Stoneking*
Keaton C. Stoneking
North Carolina Bar No. 53627
TROUTMAN SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Tel: (704) 998-4088
E-mail: Keaton.stoneking@troutman.com
*Counsel for Defendant Ally Financial Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies in addition to electronically filing the foregoing *Defendant Ally Financial Inc.'s Reply in Support of its Motion to Dismiss*, on October 1, 2019, which causes a copy to be sent to all counsel of record, a true and correct copy was also served on counsel for Plaintiff's California counsel, by electronic mail, upon information and belief that Plaintiff was recently incarcerated in California.

**Counsel for Plaintiff in California Criminal Case No. 2:17-cr-00697-SJO**

Gregory Nicolaysen
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (818) 970-7247
gregnicolaysen@aol.com

*s/ Keaton C. Stoneking*
Keaton C. Stoneking

40225374

7

Case 3:19-cv-00189-FDW-DCK   Document 42   Filed 10/01/19   Page 7 of 7